1   FERMIN H. LLAGUNO, Bar No. 185222
    MARIA R. HARRINGTON, Bar No. 201901
2   LITTLER MENDELSON
    A Professional Corporation
3   2050 Main Street
    Suite 900
4   Irvine, CA 92614
    Telephone:    949.705.3000
5   Facsimile:    949.724.1201

6   Attorneys for Defendant
    PITNEY BOWES INC.

7

```
FILED

MAY   9 2008

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY
```

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10  JOHN C. SIEGMAN, an individual,        Case No.

11              Plaintiff,                 **NOTICE TO FEDERAL COURT OF
                                           REMOVAL OF CIVIL ACTION FROM
12      v.                                 STATE COURT PURSUANT TO 28 U.S.C.
                                           SECTIONS 1332(a)(1), 1441 AND 1446**
13  PITNEY BOWES INC., a Delaware
    corporation doing business as Pitney
14  Bowes Group 1 Software, and DOES 1     '08 CV 0842 JM BLM
    through 20, inclusive,
15
16              Defendants.

17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JOHN C. SIEGMAN AND

19  HIS ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that Defendant Pitney Bowes Inc. ("Defendant") hereby removes

21  the above-entitled action, Case No. 37-2008-00081663-CU-BC-CTL, from the Superior Court of the

22  State of California, County of San Diego, to the United States District Court for the Southern District

23  of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

24          This Notice is based upon the original jurisdiction of the federal district court over the parties

25  under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

26          Defendant makes the following allegations in support of its Notice of Removal:

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FIRMWIDE:85093144.2 015331.1169

1  FERMIN H. LLAGUNO, Bar No. 185222
   MARIA R. HARRINGTON, Bar No. 201901
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:    949.705.3000
5  Facsimile:    949.724.1201

6  Attorneys for Defendant
   PITNEY BOWES INC.

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  JOHN C. SIEGMAN, an individual,          Case No.

11                Plaintiff,                 **NOTICE TO FEDERAL COURT OF
                                             REMOVAL OF CIVIL ACTION FROM
12       v.                                  STATE COURT PURSUANT TO 28 U.S.C.
                                             SECTIONS 1332(a)(1), 1441 AND 1446**
13  PITNEY BOWES INC., a Delaware
    corporation doing business as Pitney
14  Bowes Group 1 Software, and DOES 1
    through 20, inclusive,
15
                  Defendants.
16

17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JOHN C. SIEGMAN AND

19  HIS ATTORNEYS OF RECORD:

20       PLEASE TAKE NOTICE that Defendant Pitney Bowes Inc. ("Defendant") hereby removes

21  the above-entitled action, Case No. 37-2008-00081663-CU-BC-CTL, from the Superior Court of the

22  State of California, County of San Diego, to the United States District Court for the Southern District

23  of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

24       This Notice is based upon the original jurisdiction of the federal district court over the parties

25  under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

26       Defendant makes the following allegations in support of its Notice of Removal:

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000
NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FIRMWIDE:85093144.2 015331.1169

1  FERMIN H. LLAGUNO, Bar No. 185222
   MARIA R. HARRINGTON, Bar No. 201901
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:    949.705.3000
5  Facsimile:     949.724.1201

6  Attorneys for Defendant
   PITNEY BOWES INC.
7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10 | JOHN C. SIEGMAN, an individual, | Case No.
11 |               Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441 AND 1446**
12 |          v. |
13 | PITNEY BOWES INC., a Delaware corporation doing business as Pitney Bowes Group 1 Software, and DOES 1 through 20, inclusive, |
14 | |
15 | |
16 |               Defendants. |

17

18 TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JOHN C. SIEGMAN AND

19 HIS ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE that Defendant Pitney Bowes Inc. ("Defendant") hereby removes

21 the above-entitled action, Case No. 37-2008-00081663-CU-BC-CTL, from the Superior Court of the

22 State of California, County of San Diego, to the United States District Court for the Southern District

23 of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

24        This Notice is based upon the original jurisdiction of the federal district court over the parties

25 under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

26        Defendant makes the following allegations in support of its Notice of Removal:

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FIRMWIDE:85093144.2 015331.1169



**JURISDICTION**

1.    This Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different states." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

2.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(d), 1391 and 1446.

**PLEADINGS, PROCESS AND ORDERS**

3.    This lawsuit arises out of Plaintiff John C. Siegman's ("Plaintiff") dispute over the amount of commissions to which he was entitled pursuant to an alleged contract. On April 8, 2008, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Diego, entitled <u>JOHN C. SIEGMAN, an individual v. PITNEY BOWES INC., a Delaware corporation doing business as Pitney Bowes Group 1 Software, and DOES 1 through 20, inclusive</u>, bearing Case No. 37-2008-00081663-CU-BC-CTL (the "Complaint"). The Complaint asserts a single cause of action for breach of contract. Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.

4.    On April 9, 2008, Plaintiff served on CT Corporation System, Defendant's agent for service of process, a copy of the Complaint along with the Summons, Civil Case Cover Sheet and Notice of Case Assignment. Attached hereto as Exhibit "B" is a true and correct copy of the Summons; attached hereto as Exhibit "C" is a true and correct copy of the Civil Case Cover Sheet; and attached hereto as Exhibit "D" is a true and correct copy of the Notice of Case Assignment.

5.    On May 7, 2008, Defendant filed its Answer to the Complaint in the Superior Court of the County of San Diego. Attached hereto as Exhibit "E" is a true and correct copy of Defendant's Answer.

6.    Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings and orders served upon Defendant or filed or received in this action by Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FIRMWIDE:85093144.2 015331.1169

2.

**TIMELINESS OF REMOVAL**

7.     Plaintiff served the Summons and Complaint on Defendant on April 9, 2008. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was effectively served with the Summons and Complaint and within one year after commencement of this action.

**DIVERSITY JURISDICTION PURSUANT TO SECTION 1332**

8.     Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where
>
> the matter in controversy exceeds the sum or value of $75,000, exclusive
>
> of interest and costs, and is between –
>
> (1) citizens of different States[.]

9.     This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

10.     Plaintiff alleges that he was, at the time of the filing of this action, and at all times relevant, a citizen of the State of California and a resident of the County of San Diego. (Complaint, ¶ 2).

11.     Defendant was, at the time of filing this action, and still is, a corporation incorporated under the laws of Delaware. Complaint ¶ 3. Defendant's principal place of business is in Stamford, Connecticut, and its corporate headquarters are located at MSC 1101, One Elmcroft Road WHQ, Stamford, Connecticut 06926-0700. Defendant is therefore not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than that of Plaintiff.

12.     The Complaint names as defendants "Does 1 through 20, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. See also Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    3.
FIRMWIDE:85093144.2 015331.1169

1    13.    The amount in controversy in the Complaint exceeds the sum of seventy five

2  thousand dollars ($75,000.00), exclusive of interest and costs.  The Complaint specifically prays for

3  judgment for "special and consequential damages in the amount of Eight Hundred Eighty One

4  Thousand Six Hundred Forty Six Dollars ($881,646) or an amount according to proof at trial."

5  (Complaint, 5:11-13.)  Thus, the amount in controversy for the Plaintiff clearly exceeds the sum of

6  seventy-five thousand dollars ($75,000.00).

7    14.    For these reasons, this action is a civil action over which this Court has original

8  jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court

9  pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

10                    **NOTICE TO STATE COURT AND PLAINTIFF**

11    15.    Contemporaneously with the filing of this Notice of Removal in the United States

12  District Court for the Southern District of California, written notice of such filing will be given by

13  the undersigned to counsel for Plaintiff, William L. Bruckner and Charles F. Walker.  In addition, a

14  copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of

15  California for the County of San Diego.

16  Dated: May 9, 2008

17

18

19                    FERMIN H. LLAGUNO
                     MARIA R. HARRINGTON
20                    LITTLER MENDELSON
                     A Professional Corporation
21                    Attorneys for Defendant
                     PITNEY BOWES INC.

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    4.
FIRMWIDE:85093144.2 015331.1169

**EXHIBIT A**

ORIGINAL

1  BRUCKNER & WALKER LLP
   William L. Bruckner SBN 132677
2  Charles F. Walker SBN 175852
   4550 Kearny Villa Road, Suite 209
3  San Diego, California 92123
   (858) 565-8300 telephone
4  (858) 565-0813 telecopier
   cfw1234@aol.com
5  Attorneys for John C. Siegman

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN DIEGO, CENTRAL BRANCH

10

11  JOHN C. SIEGMAN, an individual,      )  Case No. 37-2008-00081663-CU-BC-CTL
                                         )
12              Plaintiff,               )  COMPLAINT FOR DAMAGES:
                                         )
13       v.                              )  BREACH OF CONTRACT
                                         )
14  PITNEY BOWES INC., a Delaware        )
15  corporation doing business as Pitney Bowes )
    Group 1 Software, and DOES 1 through 20, )  (GENERAL CIVIL – Amount Exceeds
16  inclusive,                           )  $25,000)
                                         )
17              Defendants.              )
                                         )
18  ────────────────────────────────────  )  **JURY TRIAL DEMANDED**
                                         )
19                          __GENERAL ALLEGATIONS__

20       COMES NOW, Plaintiff JOHN C. SIEGMAN (Hereinafter "Plaintiff" or "SIEGMAN"),

21  and for causes of action against defendant PITNEY BOWES INC., ("PITNEY BOWES") a

22  Delaware corporation doing business as Pitney Bowes Group 1 Software and DOES 1 through

23  20, and each of them, and alleges as follows:

24       1.       All of the damages complained of herein, and the last act of formalizing a

25  contract between the parties, occurred in San Diego County, California therefore venue is

26  proper in this court.

27

28  ────────────────────────────────────────────────────────────

                          COMPLAINT FOR DAMAGES

                                   1

                                   _A_
                                   _5_

2.    Plaintiff is, and at all times mentioned in this complaint was, an individual residing in San Diego County, State of California, and doing business out of his home for PITNEY BOWES, located at 17330 Via Del Campo, San Diego, 92127.

3.    Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant PITNEY BOWES is and at all times herein mentioned was, a corporation duly organized under and by virtue of the laws of the state of Delaware, and is authorized to transact business in the state of California and is doing business in the County of San Diego, State of California with Corporation No. C0186264.

4.    The true name and capacities, whether individual, corporate, associate, partnership or otherwise, of defendants DOES 1 through 20, inclusive, are unknown to the Plaintiff at this time. Plaintiff sues those defendants by such fictitious names pursuant to the Code of Civil Procedure § 474 and will seek leave of court to amend this complaint to show their true names and capacities when and if the same have been ascertained. Plaintiff is informed and believes, and based on that alleges, at all times herein mentioned, each of the defendants sued herein as DOE was the agent, servant, contractor, and employee of the defendants and each are responsible in some manner for the events and occurrences referred to, and caused damages hereinafter alleged.

5.    Plaintiffs are informed and believes and on such information and belief alleges that each of the defendants, including DOES 1 through 20, inclusive, at all times mentioned in this complaint, were each the agents, authorized representatives and employees of each of the other remaining defendants, and in doing the things alleged in this complaint, defendants were acting within the course, purpose and scope of their agency and employment, with the knowledge, consent, and express and implied permission of the other defendants.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

2

A
6

# FIRST CAUSE OF ACTION

(Breach of Part Written, Partially Oral, Part Conduct and Implied in Fact Contract against PITNEY BOWES and DOES 1 through 20)

6.      Plaintiff realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 5, inclusive, of the above General Allegations as if fully set forth herein and further alleges:

7.      In 2007, SIEGMAN was employed by PITNEY BOWES in the capacity of Vice President Business Geographics Sales.   SIEGMAN was paid a salary plus a commission (collectively "wages") based upon a certain percentage of his dollar volume of software and related sales.   The terms of his employment contract identifying the amount of wages to be paid was based upon sales quotas established, set forth and offered by PITNEY BOWES and its authorized officers.   The sales quotas were based upon previous years' quotas, dealings and conduct between the parties, verbal communications, and written documentation and implied in fact understandings between PITNEY BOWES' authorized agents and SIEGMAN.    (The "Contract")

8.      In years prior to 2007, SIEGMAN and his employer adopted a method of commission compensation that was based upon previous years' quotas, dealings and conduct between the parties, verbal communications, and written documentation and implied in fact understandings between the employer and SIEGMAN.   Prior to end of year pay outs for 2007, SIEGMAN was compensated fully in accordance with the compensation plan and package established by the employer.

9.      In 2007, SIEGMAN extended an inordinate amount of energy, time and focus to achieving the highest volume of software sales he could achieve and obtain. To the detriment of his personal time and family time, SIEGMAN devoted long hours to extensive out of state travel to facilitate and accommodate the sales of his employer's software and related services.   In furtherance of his devotion and goals for his employer, SIEGMAN would leave on the earliest

COMPLAINT FOR DAMAGES

3

A
7

1  airline flights available in order to make timely meetings on the East Coast and other parts of the

2  country.

3       10.    During 2007, PITNEY BOWES' payroll department sent regular reports and

4  documentation to SIEGMAN in San Diego, California indicating his commission percentages.

5  The documents also set forth a written system for tracking sales. Each and every month,

6  SIEGMAN reviewed the documentation to insure that his yearend bonus commission was on

7  track for accurate and complete payout. During 2007 at varying intervals and times, SIEGMAN

8  had discussions with PITNEY BOWES' authorized agents to verify that the sales quota for

9  2007 was accurate and that his sales were on track for significant level based commissions if he

10  hit or exceeded "plan." After an exhausting year of travel and busy schedule of sales

11  appointments, SIEGMAN earned wages based upon his actual quota for 2007; an end of year

12  payout consisting of December 2007 commissions, annual bonus and related bonus of

13  $961,169.81. In February 2008, PITNEY BOWES paid SIGMAN $79,523.38 towards his

14  earned commissions. After receipt of the partial payment of wages, SIEGMAN inquired with

15  PITNEY BOWES why he was shorted on his wages and SIEGMAN was advised that the

16  $79,523.38 was his final commission and he would not be receiving any more wages for 2007.

17       11.    PITNEY BOWES has failed and neglected to compensate SIEGMAN in

18  accordance with the terms of the parties' contract and understanding for payment of earned

19  wages. PITNEY BOWES failed to pay wages in the amount, time and manner required by the

20  parties' contract. PITNEY BOWES refuses to pay SIEGMAN as required under the law.

21  PITNEY BOWES breached its contract with SIEGMAN.

22       12.    The Contract was amended and supplemented by oral and written

23  communications between and amongst the parties. SIEGMAN has performed and at all times

24  stood ready to perform all conditions, covenants and promises required on his part to be

25  performed and in accordance with the terms and conditions of the Contract, except those which

26  have been waived, prevented or excused by the actions and conduct of PITNEY BOWES and/or

27  its agents or representatives.

28

COMPLAINT FOR DAMAGES

4

*A*
*8*

1    13.    As a direct and proximate result of PITNEY BOWES' breach of the Contract,

2 SIEGMAN has been damaged in an amount reasonably believed to be in excess of $881,646, or

3 an amount according to proof at trial together with interest, statutory and civil penalties, costs

4 and attorneys' fees pursuant to statute.

5    14.    Pursuant to California Labor Code section 218.5 this is an action brought for the

6 nonpayment of wages and the court shall award reasonable attorney's fees and costs to the

7 prevailing party if any party to the action requests attorney's fees and costs upon the initiation of

8 the action.  Those attorneys' fees and costs are requested by SIEGMAN upon filing of this

9 complaint.

10    WHEREFORE, SIEGMAN prays for judgment as set forth below.

11    1.    For special and consequential damages in the amount of Eight Hundred Eighty

12 One Thousand Six Hundred Forty Six Dollars ($881,646) or an amount according to proof at

13 trial;

14    2.    For prejudgment interest;

15    3.    For Statutory and Civil Penalties;

16    4.    Statutory waiting time compensation;

17    5.    For costs of suit and attorneys' fees pursuant to statute incurred herein; and,

18    6.    For such other further relief as the Court deems just and proper.

19

20    Respectfully submitted,

21

22 DATED:  April 7, 2008    BRUCKNER & WALKER LLP

23

24

25    Charles F. Walker

26    Attorney for John C. Siegman

27

28

---

COMPLAINT FOR DAMAGES

5

A
9

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PITNEY BOWES INC., a Delaware corporation doing business as Pitney Bowes Group 1 Software, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN C. SIEGMAN, an individual,

</td>
<td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

</td>
</tr>
</table>

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court, Central Division
330 W Broadway
San Diego CA 92101

</td>
<td>

**CASE NUMBER:**
*(Número del Caso):*
37-2008-00081663-CU-BC-CTL

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles F. Walker  858-565-8300
4550 Kearny Villa Road, Suite 209 San Diego CA 92123

DATE: **APR 0 8 2008**     Clerk, by _C. Beutler_____, Deputy
*(Fecha)*                  *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

B
10

**EXHIBIT  C**

*ORIGINAL*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Charles F. Walker SBN 175852 <br> Bruckner & Walker, LLP <br> 4550 Kearny Villa Road, Suite 209 <br> San Diego, CA 92123 | |

TELEPHONE NO.: 858-565-8300  FAX NO.: 858-565-0813

ATTORNEY FOR *(Name):* John C. Siegman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego CA 92101
BRANCH NAME: Central Division, Hall of Justice

CASE NAME:
Siegman v Pitney Bowes

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | 37-2008-00081663-CU-BC-CTL |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties  d. ☐ Large number of witnesses
 b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
 issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
 c. ☐ Substantial amount of documentary evidence  f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
 a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4-8-08

Charles F. Walker
_____
(TYPE OR PRINT NAME)          ► _____
                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

*C*

*11*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:       330 West Broadway

MAILING ADDRESS:     330 West Broadway

CITY AND ZIP CODE:    San Diego, CA 92101

BRANCH NAME:          Central

TELEPHONE NUMBER:  (619) 685-6144

PLAINTIFF(S) / PETITIONER(S):      John C Siegman

DEFENDANT(S) / RESPONDENT(S):  Pitney Bowes Inc

SIEGMAN VS. PITNEY BOWES INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00081663-CU-BC-CTL |
|---|---|

Judge:  Ronald S. Prager                                          Department: C-71

**COMPLAINT/PETITION FILED:** 04/08/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                                                                                         Page: 1

**NOTICE OF CASE ASSIGNMENT**



D
12

**EXHIBIT `E**



COPY

1  FERMIN H. LLAGUNO, Bar No. 185222
   MARIA R. HARRINGTON, Bar No. 201901
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:   949.705.3000
5  Fax No.:     949.724.1201

6  Attorneys for Defendant
   PITNEY BOWES INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

**BY FAX**

10  JOHN C. SIEGMAN, an individual,        Case No. 37-2008-00081663-CU-BC-CTL

11                 Plaintiff,              **DEFENDANT PITNEY BOWES INC.'S
                                           ANSWER TO PLAINTIFF'S UNVERIFIED**
12       v.                                **COMPLAINT**

13  PITNEY BOWES INC., a Delaware          ASSIGNED FOR ALL PURPOSES TO THE
    corporation doing business as Pitney   HON. RONALD S. PRAGER (DEPT. C-71)
14  Bowes Group 1 Software, and DOES 1
    through 20, inclusive,                 Complaint Filed:  April 8, 2008
15
                   Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

Firmwide:85097036.2 015331.1169

DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT



1    COMES NOW Defendant Pitney Bowes Inc. ("Defendant"), by and through its attorneys,

2    and for its Answer to the Complaint (the "Complaint") filed by Plaintiff John C. Siegman

3    ("Plaintiff"), hereby generally and specifically denies each and every allegation of the Complaint,

4    and the whole thereof, pursuant to section 431.30(d) of the California Code of Civil Procedure, and

5    hereby asserts the following defenses:

## AFFIRMATIVE DEFENSES

7    By asserting these defenses, Defendant does not concede that it has the burden of proof as to

8    any defense asserted below.  Defendant does not presently know all of the facts concerning the

9    conduct of Plaintiff sufficient to state all defenses at this time.  Defendant will seek leave of Court to

10   amend this Answer should it later discover facts demonstrating the existence of additional defenses.

## FIRST AFFIRMATIVE DEFENSE

12   1.    Defendant alleges that the Complaint and each cause of action alleged therein fails to

13   state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

15   2.    Defendant alleges that Plaintiff has waived all rights to assert any claims against

16   Defendant.

## THIRD AFFIRMATIVE DEFENSE

18   3.    Defendant alleges that the Complaint and each cause of action alleged therein are

19   barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

21   4.    Defendant alleges that the Complaint and each cause of action alleged therein are

22   barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

24   5.    Defendant alleges that the Complaint and each cause of action alleged therein are

25   barred by the doctrine of consent.

26

27

28

TTLER MENDELSON
Professional Corporation
2060 Main Street
Suite 800
Irvine, CA 92614
949.705.3000

Firmwide:85097036.2 015331.1169                    2.

DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

14

1

### SIXTH AFFIRMATIVE DEFENSE

2   6.   Defendant alleges that the Complaint and each cause of action alleged therein are

3   barred by the applicable statute of limitations, including without limitation California Code of Civil

4   Procedure Sections 337(1) and 339(1).

5

### SEVENTH AFFIRMATIVE DEFENSE

6   7.   Defendant alleges, without admitting to the existence of any duties or obligations as

7   alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims

8   is owed by Defendant, has been fully performed, satisfied, or discharged.

9

### EIGHTH AFFIRMATIVE DEFENSE

10   8.   Defendant alleges that Plaintiff's claims are unreasonable, and/or were filed in bad

11   faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against

12   Plaintiff and his attorneys.

13

### NINTH AFFIRMATIVE DEFENSE

14   9.   Defendant alleges that the Complaint and each cause of action contained therein is

15   barred because any damages Plaintiff has allegedly suffered as a result of any conduct by Defendant

16   should be reduced or eliminated by the doctrine of setoff by the amount that Defendant has been

17   damaged by Plaintiff's breach of any alleged contract, if any, between the parties.

18

### TENTH AFFIRMATIVE DEFENSE

19   10.   Defendant alleges that if the parties entered into any contracts, obligations or

20   agreements, as alleged in the Complaint, any duty or performance by Defendant is excused by

21   reason of Plaintiff's breach of contractual terms, failure to perform conditions precedent,

22   impossibility of performance, prevention of performance and/or acceptance.

23

### ELEVENTH AFFIRMATIVE DEFENSE

24   11.   Defendant alleges that any oral agreement alleged to have been breached was in

25   violation of the statute of frauds and was, therefore, unenforceable.

26

### TWELFTH AFFIRMATIVE DEFENSE

27   12.   Defendant alleges that Plaintiff has been paid in full all amounts owed to him.

28

TTLER MENDELSON
Professional Corporation
2050 Main Street
Suite 800
Irvine, CA 92614
949.705.3000

Firmwide:85097036.2 015331.1169                  3.

DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

*15*

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2          13.    Defendant alleges that the Complaint and each cause of action alleged therein is

3    barred by the doctrine of mistake of fact.

4

## FOURTEENTH AFFIRMATIVE DEFENSE

5          14.    Defendant alleges that the Complaint and each cause of action alleged therein is

6    barred by the doctrine of fraud.

7

## FIFTEENTH AFFIRMATIVE DEFENSE

8          15.    Defendant alleges that the Complaint does not describe the claims or facts being

9    alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.

10   Defendant will rely on any and all further defenses that become available or appear during discovery

11   in this action and specifically reserves the right to amend this Answer for purposes of asserting such

12   additional defenses.

13          WHEREFORE, Defendant prays that:

14          1.    The Complaint be dismissed in its entirety with prejudice;

15          2.    Plaintiff takes nothing by way of his Complaint;

16          3.    Defendant be awarded judgment in its favor and against Plaintiff;

17          4.    Defendant be awarded its attorneys' and expert fees and costs of suit herein, to the

18   extent permitted by applicable law; and

19          5.    The Court grant Defendant such other and further relief as it deems just and proper.

20   Dated: May 7, 2008

21

22

23          FERMIN H. LLAGUNO
             MARIA R. HARRINGTON

24          LITTLER MENDELSON
             A Professional Corporation

25          Attorneys for Defendant
             PITNEY BOWES INC.

26

27

28

TTLER MENDELSON
Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

Firmwide:85097036.2 015331.1169          4.

DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

E
16

# PROOF OF SERVICE

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, California 92614. On May 7, 2008, I served the within document(s):

> DEFENDANT PITNEY BOWES INC.'S ANSWER TO
> PLAINTIFF'S UNVERIFIED COMPLAINT

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 949.724.1201. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Bruckner & Walker LLP
William L. Bruckner
Charles Walker
4550 Kearny Villa Road, Suite 209
San Diego, California 92123

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

TLER MENDELSON
ᴘʀᴏꜰᴇꜱꜱɪᴏɴᴀʟ ᴄᴏʀᴘᴏʀᴀᴛɪᴏɴ
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

*17*

1       I declare under penalty of perjury under the laws of the State of California that the

2  above is true and correct. Executed on May 7, 2008, at Irvine, California.

Jeannine R. Watson

TTLER MENDELSON
PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

PROOF OF SERVICE

**JS 44** (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHN C. SIEGMAN, an individual | PITNEY BOWES INC., a Delaware corporation doing business as Pitney Bowes Group 1 Software, and DOES 1 through 20, inclusive |

| (b)  County of Residence of First Listed Plaintiff San Diego | County of Residence of First Listed Defendant _____ |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| William L. Bruckner<br>Charles F. Walker<br>Bruckner & Walker LLP<br>4550 Kearny Villa Road, Suite 209<br>San Diego, California 92123<br>(858) 565-8300 (telephone) | Fermin H. Llaguno<br>Maria R. Harrington<br>Littler Mendelson, P.C.<br>2050 Main Street, Suite 900<br>Irvine, California 92614<br>(949) 705-3000 (telephone) |

'08 CV 0842 JM BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury—Med. Malpractice
- [ ] 365 Personal Injury—Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>28 U.S.C. sections 1332(a)(1), 1441 and 1446<br>Brief description of cause:<br>Alleged breach of contract concerning payment of commission |
|---|---|

| VII.  REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $881,646.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  [ ] Yes  [X] No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | (See instructions):  JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

DATE
May 9, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 150165   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

VB 05/09/08

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 150765    — MB

# May 09. 2008
# 11:41:12

# Civ Fil Non-Pris
USAO #.: 08CV0842 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.:                    $350.00 CK
Check#.: BC15162

# Total-> $350.00

FROM: JOHN C SIEGMAN VS
      PITNEY BOWES INC. ET AL