1  FERMIN H. LLAGUNO, Bar No. 185222
   MARIA R. HARRINGTON, Bar No. 201901
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:    949.705.3000
5  Facsimile:    949.724.1201

6  Attorneys for Defendant
   PITNEY BOWES INC.
7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10 | JOHN C. SIEGMAN, an individual,        | Case No.  08cv0842-JM (BLM)

11 |              Plaintiff,                 | **CERTIFICATE OF SERVICE OF NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

12 |       v.

13 | PITNEY BOWES INC., a Delaware
   corporation doing business as Pitney
14 | Bowes Group 1 Software, and DOES 1
   through 20, inclusive,
15
16 |              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

Case No. 08cv0842-JM (BLM)

CERT. OF SERVICE OF NOTICE TO STATE COURT & ADVERSE PARTIES OF REMOVAL TO FED. COURT

1    I, Jeannine Watson, certify and declare as follows:

2    I am over the age of 18 years and not a party to this action.

3    My business address is Littler Mendelson, P.C., 2050 Main Street, Suite 900, Irvine,

4    California 92614, which is located in the city, county and state where the mailing described below

5    took place.

6    On May 9, 2008, I served the Notice to State Court and Adverse Parties of Removal to

7    Federal Court, dated May 9, 2008, a copy of which is attached to this Certificate as Exhibit "A," by

8    placing a true copy of the same for collection and mailing following the firm's ordinary business

9    practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail

10   at Irvine, California, and addressed as William L. Bruckner, Charles F. Walker, Bruckner & Walker

11   LLP, 4550 Kearny Villa Road, Suite 209, San Diego, California 92123.

12   I declare under penalty of perjury that the foregoing is true and correct.

13   Executed on May 9, 2008.

14                                  _Jeannine P Watson_
                                    Jeannine Watson

15

16

17   Firmwide:85093155.1 015331.1169

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

2.    Case No. 08cv0842-JM (BLM)

CERT. OF SERVICE OF NOTICE TO STATE COURT & ADVERSE PARTIES OF REMOVAL TO FED. COURT

**EXHIBIT A**

1  FERMIN H. LLAGUNO, Bar No. 185222
   MARIA R. HARRINGTON, Bar No. 201901
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:    949.705.3000
5  Fax No.:    949.724.1201

6  Attorneys for Defendant
   PITNEY BOWES INC.

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN DIEGO

10  | JOHN C. SIEGMAN, an individual, | Case No. 37-2008-00081663-CU-BC-CTL |
    |---|---|
11  | Plaintiff, | **NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** |
12  | v. | |
13  | PITNEY BOWES INC., a Delaware corporation doing business as Pitney Bowes Group 1 Software, and DOES 1 through 20, inclusive, | ASSIGNED FOR ALL PURPOSES TO THE HON. RONALD S. PRAGER (DEPT. C-71) |
14  | | |
15  | | Complaint Filed: April 8, 2008 |
16  | Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

Firmwide:85093156.1 015331.1169

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF JOHN C.

2  SIEGMAN AND HIS ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that Defendant Pitney Bowes Inc. filed a Notice to Federal Court

4  of Removal of Civil Action from State Court Pursuant to 28 U.S.C. Sections 1332(a)(1), 1441 and

5  1446 ("Notice of Removal") in the United States District Court for the Southern District of

6  California on May 9, 2008. A copy of said Notice of Removal is attached to this Notice as Exhibit

7  "A," and is served and filed herewith.

8      PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in federal

9  court, together with the filing of a copy of said notice with this Court, effects the removal of this

10  action in accordance with 28 U.S.C. section 1446(d).

11  Dated: May 9, 2008

12

13

14                              FERMIN H. LLAGUNO
                                MARIA R. HARRINGTON
15                              LITTLER MENDELSON
                                A Professional Corporation
16                              Attorneys for Defendant
                                PITNEY BOWES INC.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

Firmwide:85093156.1 015331.1169                    2.

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

**EXHIBIT A**

1  FERMIN H. LLAGUNO, Bar No. 185222
   MARIA R. HARRINGTON, Bar No. 201901
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:    949.705.3000
5  Facsimile:     949.724.1201

6  Attorneys for Defendant
   PITNEY BOWES INC.

7

FILED

08 MAY -9 AM 11: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10  JOHN C. SIEGMAN, an individual,       | Case No.    '08 CV 0842 JM BLM

11              Plaintiff,                 | **NOTICE TO FEDERAL COURT OF**
                                           | **REMOVAL OF CIVIL ACTION FROM**
12      v.                                 | **STATE COURT PURSUANT TO 28 U.S.C.**
                                           | **SECTIONS 1332(a)(1), 1441 AND 1446**
13  PITNEY BOWES INC., a Delaware
    corporation doing business as Pitney
14  Bowes Group 1 Software, and DOES 1
    through 20, inclusive,
15
                Defendants.
16

17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JOHN C. SIEGMAN AND

19  HIS ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE that Defendant Pitney Bowes Inc. ("Defendant") hereby removes

21  the above-entitled action, Case No. 37-2008-00081663-CU-BC-CTL, from the Superior Court of the

22  State of California, County of San Diego, to the United States District Court for the Southern District

23  of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

24         This Notice is based upon the original jurisdiction of the federal district court over the parties

25  under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

26         Defendant makes the following allegations in support of its Notice of Removal:

27

28

LER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FIRMWIDE:85093144.2 015331.1169

1

## JURISDICTION

2    1.    This Court has original jurisdiction under Section 1332(a)(1), and this case may be

3    removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein

4    the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars

5    ($75,000.00), exclusive of interest and costs, and it is between "citizens of different states." As set

6    forth below, this case meets all of Section 1332's requirements for removal and is timely and

7    properly removed by the filing of this Notice.

8    2.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(d), 1391 and 1446.

9

## PLEADINGS, PROCESS AND ORDERS

10    3.    This lawsuit arises out of Plaintiff John C. Siegman's ("Plaintiff") dispute over the

11    amount of commissions to which he was entitled pursuant to an alleged contract. On April 8, 2008,

12    Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Diego,

13    entitled JOHN C. SIEGMAN, an individual v. PITNEY BOWES INC., a Delaware corporation

14    doing business as Pitney Bowes Group 1 Software, and DOES 1 through 20, inclusive, bearing Case

15    No. 37-2008-00081663-CU-BC-CTL (the "Complaint"). The Complaint asserts a single cause of

16    action for breach of contract. Attached hereto as Exhibit "A" is a true and correct copy of the

17    Complaint.

18    4.    On April 9, 2008, Plaintiff served on CT Corporation System, Defendant's agent for

19    service of process, a copy of the Complaint along with the Summons, Civil Case Cover Sheet and

20    Notice of Case Assignment. Attached hereto as Exhibit "B" is a true and correct copy of the

21    Summons; attached hereto as Exhibit "C" is a true and correct copy of the Civil Case Cover Sheet;

22    and attached hereto as Exhibit "D" is a true and correct copy of the Notice of Case Assignment.

23    5.    On May 7, 2008, Defendant filed its Answer to the Complaint in the Superior Court

24    of the County of San Diego. Attached hereto as Exhibit "E" is a true and correct copy of

25    Defendant's Answer.

26    6.    Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process,

27    pleadings and orders served upon Defendant or filed or received in this action by Defendant.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine CA  92614
949 705 3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FIRMWIDE:85093144.2 015331.1169

2.

1

**TIMELINESS OF REMOVAL**

2      7.      Plaintiff served the Summons and Complaint on Defendant on April 9, 2008.

3  Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed

4  within thirty (30) days after Defendant was effectively served with the Summons and Complaint and

5  within one year after commencement of this action.

6

**DIVERSITY JURISDICTION PURSUANT TO SECTION 1332**

7      8.      Section 1332(a) provides, in relevant part, as follows:

8           The district courts shall have original jurisdiction of all civil actions where

9           the matter in controversy exceeds the sum or value of $75,000, exclusive

10          of interest and costs, and is between –

11          (1) citizens of different States[.]

12     9.      This action is a civil action over which this Court has original jurisdiction based on

13  diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court

14  by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of

15  different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set

16  forth below.

17     10.     Plaintiff alleges that he was, at the time of the filing of this action, and at all times

18  relevant, a citizen of the State of California and a resident of the County of San Diego. (Complaint,

19  ¶ 2).

20     11.     Defendant was, at the time of filing this action, and still is, a corporation incorporated

21  under the laws of Delaware. Complaint ¶ 3. Defendant's principal place of business is in Stamford,

22  Connecticut, and its corporate headquarters are located at MSC 1101, One Elmcroft Road WHQ,

23  Stamford, Connecticut 06926-0700. Defendant is therefore not a citizen of the State in which this

24  action is pending and is, in fact, a citizen of a different State than that of Plaintiff.

25     12.     The Complaint names as defendants "Does 1 through 20, inclusive." Pursuant to 28

26  U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be

27  disregarded for the purpose of determining diversity jurisdiction. See also Newcombe v. Adolf

28  Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FIRMWIDE:85093144.2 015331.1169

3.

1      13.    The amount in controversy in the Complaint exceeds the sum of seventy five

2  thousand dollars ($75,000.00), exclusive of interest and costs. The Complaint specifically prays for

3  judgment for "special and consequential damages in the amount of Eight Hundred Eighty One

4  Thousand Six Hundred Forty Six Dollars ($881,646) or an amount according to proof at trial."

5  (Complaint, 5:11-13.) Thus, the amount in controversy for the Plaintiff clearly exceeds the sum of

6  seventy-five thousand dollars ($75,000.00).

7      14.    For these reasons, this action is a civil action over which this Court has original

8  jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court

9  pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

10                  **NOTICE TO STATE COURT AND PLAINTIFF**

11      15.    Contemporaneously with the filing of this Notice of Removal in the United States

12  District Court for the Southern District of California, written notice of such filing will be given by

13  the undersigned to counsel for Plaintiff, William L. Bruckner and Charles F. Walker. In addition, a

14  copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of

15  California for the County of San Diego.

16  Dated: May 9, 2008

17

18

19                            FERMIN H. LLAGUNO

20                            MARIA R. HARRINGTON
                                LITTLER MENDELSON

21                            A Professional Corporation
                            Attorneys for Defendant
                            PITNEY BOWES INC.

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION         4.
FIRMWIDE:85093144.2 015331.1169

**EXHIBIT A**

ORIGINAL

1 | BRUCKNER & WALKER LLP
    William L. Bruckner SBN 132677
2 | Charles F. Walker SBN 175852
    4550 Kearny Villa Road, Suite 209
3 | San Diego, California 92123
    (858) 565-8300 telephone
4 | (858) 565-0813 telecopier
    cfw1234@aol.com
5 | Attorneys for John C. Siegman

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN DIEGO, CENTRAL BRANCH

10

11 | JOHN C. SIEGMAN, an individual,          ) Case No. **37-2008-00081663-CU-BC-CTL**
                                            )
12 |          Plaintiff,                     ) **COMPLAINT FOR DAMAGES:**
                                            )
13 |     v.                                  ) **BREACH OF CONTRACT**
                                            )
14 | PITNEY BOWES INC., a Delaware           )
     corporation doing business as Pitney Bowes )
15 | Group 1 Software, and DOES 1 through 20, ) (GENERAL CIVIL – Amount Exceeds
16 | inclusive,                              ) $25,000)
                                            )
17 |          Defendants.                    )
                                            )
18 | _____  ) **JURY TRIAL DEMANDED**

19 | **GENERAL ALLEGATIONS**

20 |          COMES NOW, Plaintiff JOHN C. SIEGMAN (Hereinafter "Plaintiff" or "SIEGMAN"),

21 | and for causes of action against defendant PITNEY BOWES INC., ("PITNEY BOWES") a

22 | Delaware corporation doing business as Pitney Bowes Group 1 Software and DOES 1 through

23 | 20, and each of them, and alleges as follows:

24 |          1.      All of the damages complained of herein, and the last act of formalizing a

25 | contract between the parties, occurred in San Diego County, California therefore venue is

26 | proper in this court.

27

28

**COMPLAINT FOR DAMAGES**

1

*A*
*5*

2.    Plaintiff is, and at all times mentioned in this complaint was, an individual residing in San Diego County, State of California, and doing business out of his home for PITNEY BOWES, located at 17330 Via Del Campo, San Diego, 92127.

3.    Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant PITNEY BOWES is and at all times herein mentioned was, a corporation duly organized under and by virtue of the laws of the state of Delaware, and is authorized to transact business in the state of California and is doing business in the County of San Diego, State of California with Corporation No. C0186264.

4.    The true name and capacities, whether individual, corporate, associate, partnership or otherwise, of defendants DOES 1 through 20, inclusive, are unknown to the Plaintiff at this time.  Plaintiff sues those defendants by such fictitious names pursuant to the Code of Civil Procedure § 474 and will seek leave of court to amend this complaint to show their true names and capacities when and if the same have been ascertained. Plaintiff is informed and believes, and based on that alleges, at all times herein mentioned, each of the defendants sued herein as DOE was the agent, servant, contractor, and employee of the defendants and each are responsible in some manner for the events and occurrences referred to, and caused damages hereinafter alleged.

5.    Plaintiffs are informed and believes and on such information and belief alleges that each of the defendants, including DOES 1 through 20, inclusive, at all times mentioned in this complaint, were each the agents, authorized representatives and employees of each of the other remaining defendants, and in doing the things alleged in this complaint, defendants were acting within the course, purpose and scope of their agency and employment, with the knowledge, consent, and express and implied permission of the other defendants.

///

///

///

---

**COMPLAINT FOR DAMAGES**

2

*A*
*b*

## FIRST CAUSE OF ACTION

(Breach of Part Written, Partially Oral, Part Conduct and Implied in Fact Contract

against PITNEY BOWES and DOES 1 through 20)

6.    Plaintiff realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 5, inclusive, of the above General Allegations as if fully set forth herein and further alleges:

7.    In 2007, SIEGMAN was employed by PITNEY BOWES in the capacity of Vice President Business Geographics Sales.    SIEGMAN was paid a salary plus a commission (collectively "wages") based upon a certain percentage of his dollar volume of software and related sales.    The terms of his employment contract identifying the amount of wages to be paid was based upon sales quotas established, set forth and offered by PITNEY BOWES and its authorized officers.    The sales quotas were based upon previous years' quotas, dealings and conduct between the parties, verbal communications, and written documentation and implied in fact understandings between PITNEY BOWES' authorized agents and SIEGMAN.        (The "Contract")

8.    In years prior to 2007, SIEGMAN and his employer adopted a method of commission compensation that was based upon previous years' quotas, dealings and conduct between the parties, verbal communications, and written documentation and implied in fact understandings between the employer and SIEGMAN.    Prior to end of year pay outs for 2007, SIEGMAN was compensated fully in accordance with the compensation plan and package established by the employer.

9.    In 2007, SIEGMAN extended an inordinate amount of energy, time and focus to achieving the highest volume of software sales he could achieve and obtain.    To the detriment of his personal time and family time, SIEGMAN devoted long hours to extensive out of state travel to facilitate and accommodate the sales of his employer's software and related services.    In furtherance of his devotion and goals for his employer, SIEGMAN would leave on the earliest

COMPLAINT FOR DAMAGES

3

*A*
*7*

airline flights available in order to make timely meetings on the East Coast and other parts of the country.

10.    During 2007, PITNEY BOWES' payroll department sent regular reports and documentation to SIEGMAN in San Diego, California indicating his commission percentages. The documents also set forth a written system for tracking sales. Each and every month, SIEGMAN reviewed the documentation to insure that his yearend bonus commission was on track for accurate and complete payout. During 2007 at varying intervals and times, SIEGMAN had discussions with PITNEY BOWES' authorized agents to verify that the sales quota for 2007 was accurate and that his sales were on track for significant level based commissions if he hit or exceeded "plan." After an exhausting year of travel and busy schedule of sales appointments, SIEGMAN earned wages based upon his actual quota for 2007; an end of year payout consisting of December 2007 commissions, annual bonus and related bonus of $961,169.81. In February 2008, PITNEY BOWES paid SIGMAN $79,523.38 towards his earned commissions. After receipt of the partial payment of wages, SIEGMAN inquired with PITNEY BOWES why he was shorted on his wages and SIEGMAN was advised that the $79,523.38 was his final commission and he would not be receiving any more wages for 2007.

11.    PITNEY BOWES has failed and neglected to compensate SIEGMAN in accordance with the terms of the parties' contract and understanding for payment of earned wages. PITNEY BOWES failed to pay wages in the amount, time and manner required by the parties' contract. PITNEY BOWES refuses to pay SIEGMAN as required under the law. PITNEY BOWES breached its contract with SIEGMAN.

12.    The Contract was amended and supplemented by oral and written communications between and amongst the parties. SIEGMAN has performed and at all times stood ready to perform all conditions, covenants and promises required on his part to be performed and in accordance with the terms and conditions of the Contract, except those which have been waived, prevented or excused by the actions and conduct of PITNEY BOWES and/or its agents or representatives.

---

COMPLAINT FOR DAMAGES

4

13.     As a direct and proximate result of PITNEY BOWES' breach of the Contract, SIEGMAN has been damaged in an amount reasonably believed to be in excess of $881,646, or an amount according to proof at trial together with interest, statutory and civil penalties, costs and attorneys' fees pursuant to statute.

14.     Pursuant to California Labor Code section 218.5 this is an action brought for the nonpayment of wages and the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.   Those attorneys' fees and costs are requested by SIEGMAN upon filing of this complaint.

WHEREFORE, SIEGMAN prays for judgment as set forth below.

1.     For special and consequential damages in the amount of Eight Hundred Eighty One Thousand Six Hundred Forty Six Dollars ($881,646) or an amount according to proof at trial;

2.     For prejudgment interest;

3.     For Statutory and Civil Penalties;

4.     Statutory waiting time compensation;

5.     For costs of suit and attorneys' fees pursuant to statute incurred herein; and,

6.     For such other further relief as the Court deems just and proper.


Respectfully submitted,


DATED: April 7, 2008                    BRUCKNER & WALKER LLP


_____

Charles F. Walker
Attorney for John C. Siegman


COMPLAINT FOR DAMAGES

5

*A 9*

**EXHIBIT B**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PITNEY BOWES INC., a Delaware corporation doing business as Pitney
Bowes Group 1 Software, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN C. SIEGMAN, an individual,

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court,  Central Division
330 W Broadway
San Diego CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2008-00081663-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles F. Walker 858-565-8300
4550 Kearny Villa Road, Suite 209 San Diego CA 92123

DATE: **APR 0 8 2008**                     Clerk, by _C. Beutler_ **C. Beutler**            , Deputy
*(Fecha)*                                        *(Secretario)*                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
Americas LegalNet, Inc. | www.USCourtForms.com

*B*
*18*

**EXHIBIT  C**

**ORIGINAL**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Charles F. Walker SBN 175852<br>Bruckner & Walker, LLP<br>4550 Kearny Villa Road, Suite 209<br>San Diego, CA 92123<br>TELEPHONE NO.: 858-565-8300    FAX NO.: 858-565-0813<br>ATTORNEY FOR *(Name):* John C. Siegman | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego CA 92101
BRANCH NAME: Central Division, Hall of Justice

CASE NAME:
Siegman v Pitney Bowes

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00081663-CU-BC-CTL<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
✓ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ✓ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive

4. Number of causes of action *(specify):* One

5. This case ☐ is ✓ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4-8-08

Charles F. Walker
_____
(TYPE OR PRINT NAME)    ▶ *[signature]* Charles F. Walker
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | CIVIL CASE COVER SHEET | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |



*C*

*11*

**EXHIBIT  D**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:          330 West Broadway | |
| MAILING ADDRESS:       330 West Broadway | |
| CITY AND ZIP CODE:     San Diego, CA 92101 | |
| BRANCH NAME:            Central | |
| TELEPHONE NUMBER: (619) 685-6144 | |

| PLAINTIFF(S) / PETITIONER(S):        John C Siegman |
|---|
| DEFENDANT(S) / RESPONDENT(S): Pitney Bowes Inc |
| SIEGMAN VS. PITNEY BOWES INC |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00081663-CU-BC-CTL |

Judge: Ronald S. Prager                                   Department: C-71

**COMPLAINT/PETITION FILED:** 04/08/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                                                                                              Page: 1

**NOTICE OF CASE ASSIGNMENT**



**EXHIBIT E**

©COPY

1  FERMIN H. LLAGUNO, Bar No. 185222
   MARIA R. HARRINGTON, Bar No. 201901
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:    949.705.3000
5  Fax No.:      949.724.1201

6  Attorneys for Defendant
   PITNEY BOWES INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN DIEGO                    BY FAX

10 JOHN C. SIEGMAN, an individual,      Case No. 37-2008-00081663-CU-BC-CTL

11              Plaintiff,              **DEFENDANT PITNEY BOWES INC.'S
                                        ANSWER TO PLAINTIFF'S UNVERIFIED**
12        v.                            **COMPLAINT**

13 PITNEY BOWES INC., a Delaware        ASSIGNED FOR ALL PURPOSES TO THE
   corporation doing business as Pitney HON. RONALD S. PRAGER (DEPT. C-71)
14 Bowes Group 1 Software, and DOES 1
   through 20, inclusive,               Complaint Filed:  April 8, 2008
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation    Firmwide:85097036.2 015331.1169
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000
───────────────────────────────────────────────────────────────────────
      DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT


E
13

1  COMES NOW Defendant Pitney Bowes Inc. ("Defendant"), by and through its attorneys,

2  and for its Answer to the Complaint (the "Complaint") filed by Plaintiff John C. Siegman

3  ("Plaintiff"), hereby generally and specifically denies each and every allegation of the Complaint,

4  and the whole thereof, pursuant to section 431.30(d) of the California Code of Civil Procedure, and

5  hereby asserts the following defenses:

### AFFIRMATIVE DEFENSES

7  By asserting these defenses, Defendant does not concede that it has the burden of proof as to

8  any defense asserted below. Defendant does not presently know all of the facts concerning the

9  conduct of Plaintiff sufficient to state all defenses at this time. Defendant will seek leave of Court to

10  amend this Answer should it later discover facts demonstrating the existence of additional defenses.

### FIRST AFFIRMATIVE DEFENSE

12  1.  Defendant alleges that the Complaint and each cause of action alleged therein fails to

13  state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

15  2.  Defendant alleges that Plaintiff has waived all rights to assert any claims against

16  Defendant.

### THIRD AFFIRMATIVE DEFENSE

18  3.  Defendant alleges that the Complaint and each cause of action alleged therein are

19  barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

21  4.  Defendant alleges that the Complaint and each cause of action alleged therein are

22  barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

24  5.  Defendant alleges that the Complaint and each cause of action alleged therein are

25  barred by the doctrine of consent.

26

27

28

TLER MENDELSON
PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

Firmwide:85097036.2 015331.1169

2.

DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

14

**SIXTH AFFIRMATIVE DEFENSE**

6.    Defendant alleges that the Complaint and each cause of action alleged therein are barred by the applicable statute of limitations, including without limitation California Code of Civil Procedure Sections 337(1) and 339(1).

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant, has been fully performed, satisfied, or discharged.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Defendant alleges that Plaintiff's claims are unreasonable, and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

**NINTH AFFIRMATIVE DEFENSE**

9.    Defendant alleges that the Complaint and each cause of action contained therein is barred because any damages Plaintiff has allegedly suffered as a result of any conduct by Defendant should be reduced or eliminated by the doctrine of setoff by the amount that Defendant has been damaged by Plaintiff's breach of any alleged contract, if any, between the parties.

**TENTH AFFIRMATIVE DEFENSE**

10.    Defendant alleges that if the parties entered into any contracts, obligations or agreements, as alleged in the Complaint, any duty or performance by Defendant is excused by reason of Plaintiff's breach of contractual terms, failure to perform conditions precedent, impossibility of performance, prevention of performance and/or acceptance.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Defendant alleges that any oral agreement alleged to have been breached was in violation of the statute of frauds and was, therefore, unenforceable.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    Defendant alleges that Plaintiff has been paid in full all amounts owed to him.

TLER MENDELSON
ROFESSIONAL Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949 705.3000

Firmwide:85097036.2 015331.1169

DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

15

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant alleges that the Complaint and each cause of action alleged therein is barred by the doctrine of mistake of fact.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendant alleges that the Complaint and each cause of action alleged therein is barred by the doctrine of fraud.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional defenses.

WHEREFORE, Defendant prays that:

1.     The Complaint be dismissed in its entirety with prejudice;

2.     Plaintiff takes nothing by way of his Complaint;

3.     Defendant be awarded judgment in its favor and against Plaintiff;

4.     Defendant be awarded its attorneys' and expert fees and costs of suit herein, to the extent permitted by applicable law; and

5.     The Court grant Defendant such other and further relief as it deems just and proper.

Dated: May 7, 2008

FERMIN H. LLAGUNO
MARIA R. HARRINGTON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PITNEY BOWES INC.

LER MENDELSON
OF COURSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

Firmwide:85097036.2 015331.1169                                 4.

DEFENDANT PITNEY BOWES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, California 92614. On May 7, 2008, I served the within document(s):

      DEFENDANT PITNEY BOWES INC.'S ANSWER TO
      PLAINTIFF'S UNVERIFIED COMPLAINT

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 949.724.1201. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Bruckner & Walker LLP
William L. Bruckner
Charles Walker
4550 Kearny Villa Road, Suite 209
San Diego, California 92123

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

ER MENDELSON
PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1    I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct. Executed on May 7, 2008, at Irvine, California.

<br>

_Jeannine R. Watson_

Jeannine R. Watson

ΓLER MENDELSON
OFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92814
949 705 3000

2.

PROOF OF SERVICE

18

1

## **PROOF OF SERVICE**

2

3          I am a resident of the State of California, over the age of eighteen years, and not a

4   party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, California

5   92614. On May 9, 2008, I served the within document(s):

6          NOTICE TO STATE COURT AND ADVERSE PARTIES OF
           REMOVAL TO FEDERAL COURT
7

8   ☐      by facsimile transmission at or about _____ on that date. This document
           was transmitted by using a facsimile machine that complies with California Rules
9          of Court Rule 2003(3), telephone number 949.724.1201. The transmission was
           reported as complete and without error. A copy of the transmission report, properly
10         issued by the transmitting machine, is attached. The names and facsimile numbers
           of the person(s) served are as set forth below.
11

12   ☒     by placing a true copy of the document(s) listed above for collection and mailing
           following the firm's ordinary business practice in a sealed envelope with postage
13         thereon fully prepaid for deposit in the United States mail at Irvine, California
           addressed as set forth below.
14

15   ☐     by depositing a true copy of the same enclosed in a sealed envelope, with delivery
           fees provided for, in an overnight delivery service pick up box or office designated
           for overnight delivery, and addressed as set forth below.
16

17   ☐     by personally delivering a copy of the document(s) listed above to the person(s) at
           the address(es) set forth below.
18
     Bruckner & Walker LLP
19   William L. Bruckner
     Charles Walker
20   4550 Kearny Villa Road, Ste. 209
     San Diego, CA  92123
21

22          I am readily familiar with the firm's practice of collection and processing

23   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

24   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

25   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

26   thereon fully prepaid in the ordinary course of business.

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949 705 3000

1           I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct. Executed on May 9, 2008, at Irvine, California.

3

4    _____

5    Jeannine R. Watson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

2.

PROOF OF SERVICE